IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACLEAN FOGG COMPANY, a Delaware Corporation, MACLEAN QUALITY COMPOSITES, L.L.C., a Delaware Limited Liability Company, and MACLEAN INVESTMENT PARTNERS, f/k/a BM HOLDINGS I, LLC, a Delaware Limited Liability Company, | ) ) ) ) ) ) ) | |
| | ) | 08 CV 6367 |
| Plaintiffs, | ) ) | JUDGE CONLON |
| v. | ) ) ) | MAGISTRATE JUDGE COLE |
| EDGE COMPOSITES, L.L.C., a Utah Limited Liability Company, and JASON SCHIERS, an individual, | ) ) ) ) | |
| Defendants. | ) ) | |

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs MacLean-Fogg Company ("MF"), MacLean Quality Composites, LLC, ("MQC") and MacLean Investment Partners ("MIP"), (collectively "MacLean") by and through their counsel, The Alden Law Group, LLP, hereby submit their Response to Edge Composites, LLC's ("Edge") and Jason Schiers' ("Schiers") (collectively, "Defendants") Motion to Dismiss and in support thereof state as follows:

I.      INTRODUCTION

Schiers used to work at a MacLean facility. See Affidavit of Michael Dufner, ¶ 7, attached hereto as Exhibit A. While there, Schiers had unrestricted access to trade secret information related to the design, manufacture and sale of high-performance bicycle racing wheels. See Affidavit of Michael Dufner, ¶ 7, attached hereto as Exhibit A. Schiers took that secret information and, with it, set up a competing wheel manufacturer (co-defendant Edge

Composites, LLC), and began exploiting MacLean's information in violation of MacLean's contractual and trade secret rights. See Affidavit of Michael Dufner, ¶¶ 7, 8, attached hereto as Exhibit A. In the process of exploiting MacLean's information, both Schiers and Edge also violated MacLean's patent rights. Under such circumstances, Schiers is a joint tort feasor and therefore subject to suit accordingly.

Having sold infringing product into the Northern District of Illinois via an authorized distributor, having maintained an interactive website designed to solicit business from the Northern District of Illinois, and having distributor relationships with third parties located within the Northern District of Illinois, Defendants are plainly subject to suit in the Northern District of Illinois. The table-banging rhetoric of Defendants' Motion to Dismiss is empty.

## II. DEFENDANTS HAVE EXTENSIVE CONTACTS WITH THIS JURISDICTION

This Court has personal jurisdiction over Defendants. Defendants shipped a bicycle wheel that infringes one or more claims of U.S. Patent No. 6,347,839 (the "'839 patent"); that same bicycle wheel represents a violation of MacLean's contractual and trade secret rights (hereinafter, Defendants' bicycle wheels shall be referred to as "Accused Product" for simplicity). See Affidavit of Michael Dufner, ¶ 5, attached hereto as Exhibit A. Because this case involves Accused Product being shipped into the Northern District of Illinois via a known and established wheel distributor, this Court has jurisdiction. As a matter of federal patent law, "[n]o more is usually required to establish specific jurisdiction." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).

As further provided by Mr. Dufner, WheelBuilder.com actively promotes Edge's products, including the Accused Product. See Affidavit of Michael Dufner, ¶ 4, attached hereto as Exhibit A. Consequently, WheelBuilder.com is well known to Schiers and Edge's

management and is authorized to distribute Edge products. See Affidavit of Michael Dufner, ¶ 2, attached hereto as Exhibit A. The jurisdictional standard applied in patent cases requires nothing more to empower this Court to hear this case.

Though no more need be shown to require Defendants to answer for their intellectual property torts, more evidence exists to support this Court's jurisdiction. Defendants have two distributors within this District who are authorized to re-sell Edge's bicycle wheels (which infringe MacLean's intellectual property rights) as well as Edge's other products to Illinois buyers. See Affidavit of Robert Ambrose, ¶¶ 2, 3, attached hereto as Exhibit B. The presence of these distributors alone supports this Court asserting jurisdiction over this case.

Additionally, Defendants maintained an interactive website that offers for sale the Accused Product. It bears noting that, since Defendants' attack on this Court's jurisdiction, the website's interactive nature has mysteriously (and conveniently) been disabled. Nonetheless, the undersigned counsel saw the website operating. Even if the website has since been disabled, the website worked at one time and provided online purchasers with an ability to check on "previous orders." (What purpose could be served with a website that could check on previous online orders, but could not take online orders in the first place?) Drawing all inferences in favor of Plaintiffs (see *Quantum Color Graphics, LLC v. Fan Ass'n Event Photo GmbH*, 185 F.Supp.2d 897, 903 (N.D.Ill. 2002)), Defendants' website is enough for jurisdiction. *See George S. May Intn'l. Co. v. Xcentric Ventures, LLC*, 409 F.Supp.2d 1052, 1058-1059 (N.D.Ill. 2006) (holding that because the defendants solicit business and make actual sales through their website, the website maintained a level of interactivity that satisfied the minimum contacts requirement for personal jurisdiction). In sum, Defendants' website offers for sale infringing product and gives rise to the liabilities sued on in this case. Furthermore, Edge maintains multiple distributors

within the District and has shipped Accused Product into this District via a known and authorized distributor. Again, the foregoing misconduct represents the intellectual property liability sued on in this case. It is simply fanciful for Defendants to argue a failure of jurisdiction.

Finally, it bears noting that Defendants invest essentially all of their personal jurisdiction argument in their analogy to a case involving trademark infringement, *Transcraft Corp v. Doonan Trailer Corp.*, No. 97 C 4943, 1997 WL 733905 (N.D.Ill. November 13, 1997). Defendants enthuse that the instant case involving patent infringement is "on all fours" with *Transcraft.* Not so.

As *Transcraft* was litigated before this very Court, this Court knows that it involved a trademark claim and had absolutely nothing to do with patent infringement. Because the Federal Circuit Court of Appeals established a jurisdictional standard unique to patent law, *Transcraft* simply does not apply. *See Beverly Hills Fan*, 21 F.3d at 1570-71 (recognizing that uniform federal patent law establishes its own, unique standard for determining personal jurisdiction over the patent-holder's infringement claim). Indeed, this Court noted that the standard for jurisdiction in a trademark case, as articulated by the Seventh Circuit Court of Appeals, differs from the standard applied by the Federal Circuit in patent cases. *See Transcraft Corp.* 1997 WL 733905 at *5 ("Presumably, the Seventh Circuit found the logic of the Federal Circuit either unconvincing or inapplicable in the trademark context.").

Furthermore, unlike the defendant in *Transcraft*, Edge maintains an interactive website and has authorized distributors here. In the end, Defendants arguments that personal jurisdiction is lacking do not have any support whatsoever. Defendants' Motion to Dismiss for lack of personal jurisdiction should therefore be denied.

III. **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER ALL OF MACLEAN'S CLAIMS**

    A. **Defendants' Claim That MF, MQC And MIP Do Not Have Standing Amounts To Nothing More Than A Blatant Misrepresentation To This Court Paired With A Hollow And Ill-Founded Threat Against MacLean.**

On January 14, 2009, this Court ordered MacLean to amend its complaint to include an additional party. As unmistakably provided by the transcript, counsel for MacLean stated in no uncertain terms, "we would amend the Complaint to include a party that is at least nominally the assignee of the patent, so that would moot that aspect." See January 14, 2009 transcript, p. 3, attached hereto as Exhibit C. This Court responded by stating, "All right. Plaintiffs shall file an amended complaint by January 16, and then I need to know whether the motion is moot in some part or not." See January 14, 2009 transcript, p. 4, attached hereto as Exhibit C.

Frankly, MacLean's counsel was dumbfounded to see Defendants' motion threatening Rule 11 sanctions based upon MacLean's amended pleading which included a new party, as this Court had ordered. See Defendants' Motion to Dismiss, pp. 1, 2. Defendants simply misrepresent the proceedings that had taken place on January 14, 2009.

Because all Plaintiffs are affiliates, each has standing to bring claims for patent infringement. This fact alone should satisfy any subject matter jurisdiction questions. Nonetheless, to prevent further waste of judicial resources on this non-issue, Plaintiffs have executed a joint ownership agreement for the subject patent. See Assignment and Joint Ownership Agreement, attached hereto as Exhibit D. Defendants' complaints are meritless.

IV.   THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER MACLEAN'S
      STATE LAW CLAIMS, AND DEFENDANTS DO NOT PRESENT ANY
      RATIONAL BASIS FOR LITIGATING THESE MATTERS PIECEMEAL TO
      THE ADDED BURDEN OF THE JUDICIAL SYSTEM AND THE PARTIES

Because Defendants' manufacture and/or sale of bicycle wheels gives rise to the state law claims asserted in this case and because this Court will have to consider Defendants' manufacture and/or sale of bicycle wheels in the course of determining the federal claim of patent infringement, this Court has supplemental jurisdiction to hear MacLean's state law claims. Why Defendants argue over this Court's supplemental jurisdiction is baffling; "a federal court's exercise of pendent jurisdiction over plaintiff's state law claims, while not automatic, is a favored and normal course of action." *Promisel v. First American Artificial Flowers, Inc.*, 943 F.2d 251, 254 (2d Cir. 1991).

In this case, MacLean has pleaded a violation of the Illinois Trade Secret Act, 765 ILCS § 1065, et seq. ("ITSA") and breach of a non-disclosure agreement (the "NDA") pursuant to the common law of Illinois. Plainly, violations of the ITSA and the NDA involve Defendants' manufacture and/or sale of bicycle wheels. It is equally plain that MacLean's federal claim of patent infringement involves consideration of these same issues.

Courts have recognized the factual overlap between claims of patent infringement and state law claims of breach of contract and misappropriation of trade secrets. *See, e.g., North American Van Lines, Inc. v. Atlantic Transfer & Storage, Co.*, 487 F.Supp.3d 672, 675 (D.S.C. 2007); *3D Sys. Inc. v. Aarotech Lab, Inc.*, 160 F.3d 1373, 1377 (Fed. Cir. 1998) (recognizing how state law claims of trade libel and unfair competition go "hand-in-hand" with a federal claim of patent infringement). Plainly, MacLean's causes of action involve a common nucleus of operative fact.

6

Finally, Defendants' gripes about this Court's exercise of supplemental jurisdiction are impractical, wholly detached from reality; should this Court fail to exercise supplemental jurisdiction over MacLean's state law claims, both parties will be forced to incur the additional (and pointless) cost of a parallel state court action. Why? Judicial economy and avoidance of piecemeal litigation serve the interests of all parties, and hence, that is why Congress enacted 28 U.S.C. § 1367. *See, e.g., Schroeder v. West*, 212 F.3d 1265, 1270 (Fed. Cir. 2000). Simply stated, it would be unjust and inefficient to require the parties to litigate the state law claims in a separate state court action. *North American Van Lines, Inc. v. Atlantic Transfer & Storage, Co.*, 487 F.Supp.3d 672, 675 (D.S.C. 2007). Defendants offer no justification for the increased cost to each party or the unnecessary burden imposed upon the judicial system from duplicative litigation. Consequently, the exercise of supplemental jurisdiction in this case is entirely appropriate.

## V.     THIS COURT IS THE PROPER VENUE FOR THIS ACTION

Venue is entirely proper in the Northern District of Illinois and Defendants' arguments lend absolutely nothing to the contrary.

Defendants' claim that venue is improper rests, most notably, on their absurd assertion that, "Plaintiffs fail to allege that any of the events giving rise to this action occurred here." See Defendants' Motion to Dismiss, p. 9. However, Defendants somehow missed the fact that, in its Amended Complaint, MacLean clearly alleges that "Edge manufactures, offers to sell, and/or sells carbon fiber wheels that infringe the '839 patent within this District." MacLean further alleges that "Edge, which introduces the infringing products into the stream of commerce, knows that the infringing products will be sold into the Northern District of Illinois to end users and dealers, and a substantial number of events giving rise to the counts alleged herein occurred in

7

connection with the District." MacLean additionally alleges that "Edge has infringed and is now directly infringing one or more claims of the '839 patent within this District and elsewhere within the United States by making, importing, using, selling, and/or offering for sale products falling within the scope of such claims, including carbon fiber wheels, without authority or license from MacLean." Finally, MacLean also alleges that "the state law claims derive from Defendants' activities in manufacturing, selling, and/or offering to sell wheels." See Plaintiffs' Amended Complaint for Injunctive and Other Relief, ¶¶ 2, 8, 9, and 14, attached hereto as Exhibit E. How Defendants can allege the non-existence of these very allegations is, to say the least, a bit of a mystery.

In any event, venue is certainly proper here. First, this venue is unquestionably proper with respect to Edge. Venue in a patent action exists wherever there is personal jurisdiction, and no further inquiry is necessary. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005). As provided in considerable detail above, personal jurisdiction clearly exists as to Edge. Consequently, this venue is appropriate.

This venue is likewise appropriate as to Schiers because a substantial part of the events giving rise to the claims against him occurred here. See 28 U.S.C.A. §1391(b)(2). Schiers' contractual duty to refrain from disclosing confidential information was to be performed in Illinois because the benefit to that agreement would be derived by MacLean here. In *TruServ Corp. v. Neff*, 6 F.Supp.2d 790, 793 (N.D.Ill. 1998), the court found that, although the contract in question was negotiated and executed in Pennsylvania, payment was to be received in Illinois. Accordingly, because the alleged failure to perform that contractual duty in Illinois gave rise to the breach of contract claim, venue was proper here even though the defendants' activities in another forum might have been more significant. *TruServ Corp.*, 6 F.Supp.2d at 793. Venue is

also proper in the Northern District of Illinois for the claim against Shiers for violation of the ITSA. By Illinois law, venue is proper where the injury is suffered. *See Cellozzi v. Boot*, No. 00 C 3285, 2000 WL 1141568, *6 (N.D.Ill. August 11, 2000). See *Cellozzi v. Boot*, attached hereto as Exhibit F. The damage from Schiers' improper disclosure of trade secrets was, and continues to be, felt where MacLean's monetary interest in maintaining the secrecy of that information exists: here in the Northern District of Illinois.

The doctrine of pendent venue also permits this Court to hear MacLean's state law claims as they rely on the same facts as the cause of action for patent infringement. *See Photogen, Inc. v. Wolf*, No. 00 C 5841, 2001 WL 477226, *4 (N.D.Ill. May 7, 2001). See *Photogen v. Wolf*, attached hereto as Exhibit G. Schiers' disclosure of trade secrets in violation of both the ITSA and the NDA afforded Edge the ability to design and manufacture composite bicycle wheels that violate the '839 patent. Accordingly, the same underlying facts are at play in all three Counts of MacLean's Amended Complaint. Pendent venue is thus appropriate here as well.

Defendants' Motion to Dismiss for improper venue therefore lacks any merit and should be denied.

## VI. DEFENDANTS DO NOT AND CANNOT MEET THEIR BURDEN OF PROVING THAT LITIGATING THIS MATTER IN THIS COURT IS *CLEARLY* LESS CONVENIENT THAN LITIGATING IT IN THE DISTRICT OF UTAH

Defendants simply do not present, as they do not have, a viable argument for why this Court should relinquish this case to another court. Indeed, Defendants once more pin their hopes on this Court disregarding not only MacLean's pleadings, but also the truth about Defendants' own distribution chain.

A transfer of venue is appropriate when: (1) venue is proper in both the transferee and the transferor courts; (2) it is for the convenience of the parties or witnesses; and (3) it is in the interests of justice. *Law Bulletin Publishing Co., v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1017 (N.D.Ill. 1992). District courts have broad discretion to grant or deny motions to transfer and the burden is on the moving party to establish that the transfer is warranted. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1293 (7th Cir. 1989). In fact, as the moving party, the defendant must show that the "transferee forum is clearly more convenient" than the transferor forum and that a transfer will promote the efficient administration of justice, as opposed to merely shifting the inconvenience from one party to the other. *International Truck and Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F.Supp.2d 898, 904 (N.D.Ill. 2002) (quoting *Heller*, 883 F.2d at 1293). Defendants do not come close to meeting their burden.

### A.    Defendants Fail to Establish That Another District Is Clearly More Convenient For the Parties and The Witnesses

Defendants' contentions regarding the convenience of the parties and witnesses are simply not plausible. When evaluating the convenience of parties and witnesses, courts consider: (i) the plaintiff's initial forum choice, (ii) the convenience of witnesses, (iii) the relative ease of access to other evidence, (iv) the situs of material events, and (v) the relative convenience of the parties in litigating in the respective forums. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F.Supp.2d 958, 960 (N.D.Ill. 2000).

#### *1.    MacLean's Choice Of Forum Is Entitled To Substantial Deference*

First, Defendants completely fail to grasp the importance that courts place upon a plaintiff's choice of forum. "Plaintiff's choice of forum is entitled to substantial weight, particularly when it is also its home forum." *International Truck*, 221 F.Supp.2d at 904. The plaintiff's choice of forum should not be supplanted by the court unless "trying the case in the

plaintiff's chosen forum will result in <u>vexation and oppression to the defendant that far outweighs the convenience to the parties.</u>" *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 779, 802 (7th Cir. 1997) (emphasis added).

Defendants attempt to lessen the degree of this substantial deference by pointing to another factor: the situs of the material events. However, as provided above in MacLean's arguments regarding personal jurisdiction, Defendants have significant contacts with the forum. The injury from Schiers' breach of the NDA and his ITSA violation is likewise felt here. Defendants' contacts with this forum, and the resulting deference to be given to Maclean's choice of this forum are further established by Edge's interactive website. Because of the interactive website, events giving rise to this action have taken place here. *See Coolsavings.com, Inc. v. IQ Commerce Corp.*, 53 F.Supp.2d 1000, 1002-1005 (N.D.Ill. 1999) (finding that by defendants maintaining a website directed to the entire country, and because defendants knew and hoped that residents of all states would use it, the plaintiffs' choice of forum deserved substantial weight); *see also Aero Prods. Intn'l, Inc. v. Intex Corp.*, No. 02 C 2590, 2002 WL 31109386, *11 (N.D.Ill. September 20, 2002) (finding that, because the situs of events can be anywhere the infringing products are sold, the "situs of material events" further weighed in favor of not transferring venue). See *Aero Prods.*, attached hereto as Exhibit H.

Furthermore, Defendants' reliance here upon case law such as *H. B. Sherman Mfg. Co. v. Rain Bird Nat. Sales Corp.*, 979 F.Supp. 627, 630 ( N.D. Ill. 1997) for the proposition that a patent case should be heard where the defendant-infringer is located is entirely misguided. In *H. B. Sherman*, the court focused heavily on the fact that the plaintiff's <u>only</u> witness in the Northern District of Illinois was its president, and that the other District would offer a much speedier trial. 979 F.Supp. at 631-632. This is certainly not the case here as multiple Illinois witnesses will be

called and this Court need only look at its own schedule entered on January 21, 2009 to recognize that this matter will certainly not be litigated any faster in another court. Both MacLean's choice of forum and the situs of material events weigh heavily in favor of denying Defendants' Motion.

       2.     *This Venue Is More Convenient For Witnesses And Provides Greater Ease of Access To Evidence*

The convenience of the witnesses and the ease of access to evidence likewise weighs heavily in favor of this Court keeping this case. Here, both the evidence and witnesses are likely to be spread out across the country, including in Illinois and Utah, as Edge's infringing sales are nationwide. Therefore, no real reason exists for transferring the matter. *See Aero Prods.*, 2002 WL 31109386 at *11 (because infringing sales were made over the Internet and the location of the injury was therefore everywhere as were, necessarily, the witnesses and evidence, this factor did not weigh in favor of transfer).

Given that all documents will be copied and sent to the parties' respective counsel in Chicago, and considering the technological ease in doing so, the location of documents certainly does not weigh in favor of transfer. In *Coolsavings.com*, the Court recognized that no matter where the trial was held, "all relevant documents – regarding both the patented invention and the allegedly infringing technology – will have to be collected, copied, and sent to the offices of trial counsel in both San Francisco and Chicago." *Coolsavings.com*, 53 F.Supp.2d at 1006. Furthermore, because "modern technology has made it easier and cheaper to transfer information than ever before," the location of the documents did not weigh in favor of transfer. *Id.* The location of documents is accorded even less weight here as, unlike in *Coolsavings.com*, both law firms are in Chicago.

       3.      *This Venue Is More Convenient For The Parties*

Finally, regarding the convenience of the parties, it would undoubtedly be inconvenient for MacLean to litigate this matter in Utah. Accordingly, transfer of this matter due to any alleged inconvenience for Defendants would be entirely improper. Transfer of an action is inappropriate where its effects simply shift the balance of that inconvenience from one party to the other. *Heller*, 883 F.2d at 1294; *see also Coolsavings.com*, 53 F.Supp.2d at 1006 (holding that while it may be inconvenient for the defendant to defend against the lawsuit in Chicago, it would be equally inconvenient for the plaintiff to litigate in California, and the Court will not merely transform an inconvenience from defendant into an inconvenience for plaintiff). Indeed, this forum would be more convenient for the parties as, again, all counsel are here.

**B.    This Court Should, In the Interests of Justice, Keep This Matter Before It**

The interests of justice, a factor inexplicably disregarded by Defendants, also strongly favors this matter staying with this Court. This analysis focuses on the efficient administration of the court system, and includes considering: (i) the relative familiarity of the courts with the applicable law, (ii) the relation of the respective forums with the issue in the case, and (iii) the relative congestion of the court dockets. *Amoco*, 90 F.Supp.2d at 961. Certainly, the Northern District of Illinois will be familiar with the substantive, federal law addressing patent infringement. Of course, two other causes of action sound in Illinois statutory and common law; claims this Court is more familiar with than would be the District of Utah. *See Aero Prods.*, 2002 WL 31109386 at *11 (holding that because claims additional to the claim for patent infringement were made under Illinois statutory and common law, this factor did not weight in favor of defendants' motion to transfer venue from the Northern District of Illinois).

Because all factors weigh against transferring this action from this Court, Defendants' Motion should be denied.

## VI. DEFENDANTS CAN RESPOND AND, IN FACT, ALREADY HAVE RESPONDED TO MACLEAN'S COMPLAINT

Because MacLean's Amended Complaint easily surpasses the liberal federal pleading requirements and because Defendants have already revealed established that they can easily muster a response to that pleading, Defendants' Rule 12(b)(6) Motion should be denied.

The federal system of notice pleading generally does not favor dismissal for failure to state a claim. *Varvaris v. Delia*, No. 96 C 1904, 1996 WL 521287, * 2 (N.D.Ill. September 11, 1996)(citing *Gray v. Dane Cty.*, 854 F.2d 179, 182 (7th Cir. 1988). <u>See</u> *Varvaris*, attached hereto as Exhibit I. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires merely that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This "short and plain statement" requires a plaintiff to allege nothing more than "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Brown v. Budz*, 398 F.3d 904, 908 (7th Cir. 2005) (quoting *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "A complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Indeed, "if it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (quoting *Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999.)

A simple reading of the allegations presented in MacLean's Amended Complaint reveals that Defendants can easily file an answer. A recitation of those allegations is thus unnecessary

14

here. Moreover, Defendants have already revealed in unmistakable fashion that they are more than capable of setting forth a response to MacLean's Complaint. Indeed, Defendants have drafted and have sent correspondence in which they provide separate, detailed responses to all of the causes of action in MacLean's pleading (patent infringement, breach of contract, and violation of the ITSA). See Affidavit of Robert Ambrose, ¶ 4, attached hereto as Exhibit B. Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss is a conscious waste of both this Court's and MacLean's time, and merits no further discussion here beyond the simple statement that it should be denied.

## VIII. CONCLUSION

For all of the foregoing reasons, Defendants' Motion to Dismiss, and all of Defendants' requests sought therein, should be denied.

Dated: February 12, 2009.

Respectfully submitted,

MACLEAN-FOGG COMPANY,
MACLEAN QUALITY COMPOSITES,
L.L.C. and MACLEAN INVESTMENT
PARTNERS f/k/a BM HOLDINGS I, LLC

By: s/Dana A. Alden
One of Their Attorneys

Dana A. Alden, Esq.
Robert J. Ambrose, Esq.
The Alden Law Group, LLP
2122 York Road, Suite 180
Oak Brook, IL 60523
Tel: (630) 368-7676
Fax: (630) 368-7677

15