IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACLEAN-FOGG COMPANY, MACLEAN QUALITY COMPOSITES, L.L.C., and MACLEAN INVESTMENT PARTNERS (f/k/a BM HOLDINGS I, L.L.C.), <br><br> Plaintiffs, <br><br> v. <br><br> EDGE COMPOSITES, L.L.C. and JASON SCHIERS, <br><br> Defendants. | Civil Action No.: 08 C 6367 <br><br> Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

MacLean-Fogg Company ("MacLean-Fogg"), MacLean Quality Composites, L.L.C. ("MacLean Quality"), and MacLean Investment Partners ("MacLean Investment") sue Edge Composites, L.L.C. ("Edge") for patent infringement (Count I), and Jason Schiers for breach of contract (Count II) and violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1, *et seq.* (Count III). Plaintiffs allege Edge's manufacture and sale of carbon fiber bicycle wheels infringes MacLean Investment's "Composite Rim" patent, and that former MacLean-Fogg employee Schiers violated a confidentiality agreement and disclosed trade secrets. Edge and Schiers move to dismiss the amended complaint for lack of subject matter and personal jurisdiction, improper venue, and failure to state a claim or, alternatively, move for a more definite statement. For the reasons set forth below, the motion to dismiss is granted.

## BACKGROUND

The following facts are derived from the amended complaint. MacLean Investment owns United States patent 6,347,839, entitled "Composite Rim" ("839 patent"). Am. Compl. ¶¶ 12-13 and Ex. A. Edge manufactures and sells products, including carbon fiber wheels, that infringe the '839 patent. *Id.* ¶ 14. Edge maintains a website that sells the infringing wheels, and enables users to buy various products on-line. *Id.* ¶ 10.

Schiers is a member of Edge management, and previously worked for MacLean-Fogg. *Id.* ¶ 7 and Ex. B. Schiers signed a confidentiality agreement with MacLean-Fogg. *Id.* ¶¶ 20-21, Ex. B. The agreement provided Schiers could not disclose confidential client lists, product specifications, production techniques, payroll and financial data, sales and marketing activity and plans, or other non-public information relating to MacLean-Fogg's operations. *Id.* ¶ 21, Ex. B. This information constitutes trade secrets. *Id.* ¶¶ 21, 25-29. Plaintiffs allege, upon information and belief, that Schiers disclosed confidential information and trade secrets. *Id.* ¶¶ 23, 28.

## DISCUSSION

### I. Legal Standards

A motion to dismiss may challenge subject matter jurisdiction, personal jurisdiction over defendants, or propriety of venue. Fed. R. Civ. P. 12(b)(1), (b)(2), (b)(3). All well-pleaded allegations are accepted as true, and reasonable inferences are drawn in plaintiffs' favor. But motions to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and improper venue may rely on evidence outside the pleadings, such as affidavits and declarations. *Purdue Research Found. v. Sanofi-Synthlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (addressing personal jurisdiction); *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir. 1999) (addressing

subject matter jurisdiction); *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, No. 07 C 1394, 2008 WL 5423553, at *2 (N.D. Ill. Dec. 29, 2008) (Aspen, J.) (addressing venue). Conflicts in the parties' submissions must be resolved in plaintiffs' favor. *Purdue Research Found.*, 338 F.3d at 782; *Citadel Group*, 2008 WL 5423553, at *2. Plaintiffs bear the burden of establishing jurisdiction and proper venue. *Purdue Research Found.*, 338 F.3d at 782; *Sapperstein*, 188 F.3d at 855; *Citadel Group*, 2008 WL 5423553, at *2.

A Rule 12(b)(6) motion challenges the complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, all well-pleaded allegations are accepted as true, and reasonable inferences are drawn in plaintiffs' favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The complaint need only provide a short and plain statement giving defendants fair notice of the nature and basis of each claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007); *Tamayo*, 526 F.3d at 1081; Fed. R. Civ. P. 8(a)(2). This requires more than labels and conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65. Factual allegations must be sufficient to state a claim to relief that is plausible on its face, rather than merely speculative. *Id.* at 1965, 1974; *Tamayo*, 526 F.3d at 1083. A Rule 12(e) motion requests a more definite statement if a complaint is so vague or ambiguous that defendants cannot reasonably prepare a response. Fed. R. Civ. P. 12(e).

## II. Subject Matter Jurisdiction

### A. Standing

Edge argues Count I for patent infringement should be dismissed for lack of jurisdiction as to MacLean-Fogg and MacLean Quality because they do not own the '839 patent, and

3

therefore lack standing to claim patent infringement. It is undisputed MacLean Investment owns the '839 patent. Under the Patent Act, only the patent owner or its assignee (including an exclusive licensee) has standing to bring an infringement suit. 35 U.S.C. §§ 100(d), 281; *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017-18 (Fed. Cir. 2001). MacLean-Fogg and MacLean Quality contend without legal support that they have standing because they are MacLean Investment "affiliates." Plaintiffs do not allege or explain the relationship among these companies. Mere relation to a patentee is insufficient to confer standing. *Mars, Inc. v. Coin Acceptors, Inc.*, 527 F.3d 1359, 1367-68 (Fed. Cir. 2008) (finding that patentee's subsidiary did not have standing to bring infringement suit), *modified*, 557 F.3d 1377 (Fed. Cir. 2009) (mandate modified to include remand instructions regarding post-judgment interest). MacLean-Fogg and MacLean Quality's affiliation with MacLean Investment does not confer standing to sue for infringement of the '839 patent.

Plaintiffs submit an assignment and joint ownership agreement for the '839 patent. Plaintiffs' Response, Ex. D. MacLean Investment purportedly has assigned joint ownership interests in the '839 patent to MacLean-Fogg and MacLean Quality. The agreement was executed on February 5, 2009 – weeks after plaintiffs filed the amended complaint (adding MacLean Investment as a plaintiff). Standing must exist at the time the case is filed; subject matter jurisdiction may not be created retroactively by amendment. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.4 (1992). Indeed, in *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998), the Federal Circuit expressly held that a *nunc pro tunc* assignment of patent rights was insufficient to confer retroactive standing. Permitting non-owners to sue for patent infringement, provided they eventually obtain the patent rights, would

risk abstract disputes and redundant litigation. *Id.* MacLean Investment's *nunc pro tunc* assignment of joint ownership interests in the '839 patent to MacLean-Fogg and MacLean Quality does not provide standing to bring the patent infringement claim against Edge. Count I for patent infringement is dismissed for lack of subject matter jurisdiction as to MacLean-Fogg and MacLean Quality.

### B. Supplemental Jurisdiction

Schiers argues this court lacks supplemental jurisdiction over plaintiffs' state law claims for breach of contract (Count II) and violation of the Illinois Trade Secrets Act (Count III). A district court has supplemental jurisdiction over any claim that is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). State and federal claims are part of the same case or controversy if they derive from a common nucleus of operative facts. *Hansen*, 551 F.3d at 607.

Plaintiffs argue that courts have recognized the factual overlap between patent infringement and state law claims for breach of contract and misappropriation of trade secrets, citing *3D Sys. Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373 (Fed. Cir. 1998), and *N. Am. Van Lines, Inc. v. Atlantic Transfer & Storage Co.*, 487 F. Supp. 2d 672 (D.S.C. 2007) (Duffy, J.). In *3D Systems*, the state trade libel and unfair competition claims went "hand-in-hand" with the patent infringement claim because they arose out of defendant's sales activity for rapid prototyping equipment. 160 F.3d at 1377. In *North American Van Lines*, the federal trademark infringement claims and state law breach of contact claim required interpretation of the parties'

trademark licensing contract and consideration of events precipitating the contract's termination. 487 F. Supp. 2d at 674-75.

Plaintiffs have not demonstrated the factual overlap between the patent infringement and the state law claims for breach of contract and violation of the Illinois Trade Secrets Act. Plaintiffs allege the state law claims "derive from Defendants' activities in manufacturing, selling, and/or offering to sell wheels." Am. Compl. ¶ 2. The patent infringement claim alleges Edge manufactures and sells carbon fiber wheels that infringe the '839 patent. *Id.* ¶ 14. The state law claims allege former employee Schiers, who is now a member of Edge management, disclosed confidential information as defined by the confidentiality agreement, and the confidential information are protected trade secrets. *Id.* ¶¶ 7, 21, 23, 28 and Ex. B. Plaintiffs do not identify the information Schiers allegedly disclosed and misappropriated. They provide no basis to support a conclusion this information relates to Edge's purported infringement of the '839 patent, or that the claims involve overlapping operative facts. Plaintiffs fail to establish supplemental jurisdiction over the state law claims. Counts II (breach of contract) and III (violation of the Illinois Trade Secrets Act) are dismissed for lack of subject matter jurisdiction.

## III. Personal Jurisdiction

Edge and Schiers argue plaintiffs cannot establish personal jurisdiction because they lack minimum contacts with Illinois. Plaintiffs do not respond to Schiers' argument, and therefore fail to establish personal jurisdiction over Schiers.

Federal Circuit law governs personal jurisdiction over the patent infringement claim against Edge. *Hildebrand v. Steck Mfg. Co.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002); *Compliance Software Sols., Corp. v. Moda Tech. Partners, Inc.*, No. 07 C 6752, 2008 WL 2960711, at *2

(N.D. Ill. July 31, 2008) (Manning, J.); *United States Gypsum Co. v. LaFarge N. Am., Inc.*, 508 F. Supp. 2d 601, 641-42 (N.D. Ill. 2007) (Hart. J.). Edge must be amenable to service of process under Illinois' long-arm statute, and personal jurisdiction must comport with constitutional due process. *Hildebrand*, 279 F.3d at 1354. The Illinois long-arm statute contains a "catch-all" provision allowing the exercise of personal jurisdiction on any basis permitted by the Illinois and federal constitutions. 735 ILCS 5/2-209(c).

Jurisdiction may be specific or general. Specific jurisdiction is applicable when the lawsuit results from injuries that arise out of or are related to defendants' contacts with Illinois. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998). Edge must have purposefully directed its activities at Illinois residents. *Burger King Corp.*, 471 U.S. at 475-76; *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884 (Fed. Cir. 2008). The assertion of personal jurisdiction must comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945); *Campbell Pet Co.*, 542 F.3d at 884.

General jurisdiction exists when a defendant maintains continuous and systematic business contacts with the forum state even when the cause of action is unrelated to the contacts. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Campbell Pet Co.*, 542 F.3d at 883. Random, fortuitous, or attenuated contacts, and contacts resulting from others' unilateral activities, are insufficient to establish either specific or general jurisdiction. *Red Wing Shoe Co.*, 148 F.3d at 1359.

The parties collapse the personal jurisdiction analysis into one argument. This is not appropriate because the threshold level of minimum contacts for general jurisdiction is more stringent than that required for specific jurisdiction. *Helicopteros Nacionales de Columbia*, 466 U.S. at 414-16; *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008).

MacLean Investment argues jurisdiction exists because Edge shipped infringing bicycle wheels into Illinois. Specifically, on January 16, 2009 (the day plaintiffs filed the amended complaint), Michael Dufner – MacLean-Fogg's business development director and MacLean Quality's chief financial officer – ordered an allegedly infringing set of bicycle wheels from a third-party website, WheelBuilder.com. Plaintiffs' Response, Ex. A: Michael Dufner Aff. ¶¶ 1, 3. The bicycle wheels were manufactured by Edge, and WheelBuilder.com confirmed to Dufner that it ships products to Illinois, and distributes Edge products. *Id.* ¶¶ 2-3. Dufner's order was shipped to his home in Arlington Heights, Illinois. *Id.* ¶ 5. Plaintiffs argue this shipment establishes jurisdiction, citing *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558 (Fed. Cir. 1994). There, a Virginia district court was held to have specific personal jurisdiction over the manufacturer defendant who sold at least 52 infringing fans in Virginia through an intentionally established distribution channel in Virginia. *Id.* at 1563-65.

MacLean Investment does not proffer evidence of an established distribution channel in Illinois for the bicycle wheels. WheelBuilder.com is a website operated by a California company. Defendants' Reply, Ex. C: WheelBuilder.com Website Page. A third-party, out-of-state company's lone shipment of alleged infringing bicycle wheels to plaintiffs' officer does not demonstrate personal jurisdiction. *Cf. Watchworks, Inc. v. Total Time, Inc.*, No. 01 C 5711, 2002 WL 424631, at *5-8 (N.D. Ill. Mar. 19, 2002) (Lefkow, J.) (personal jurisdiction not

established in trademark infringement case where only Illinois sales of infringing products were made to plaintiff's investigator). The sale to Dufner does not demonstrate specific jurisdiction over Edge. MacLean Investment fails to establish Edge purposefully directed its activities at Illinois residents.

MacLean Investment contends its attorney, Robert Ambrose, learned from two Illinois distributors that they supply Edge products. Plaintiffs' Response, Ex. B: Robert Ambrose Aff. ¶¶ 1-3. MacLean Investment does not contend these products are the alleged infringing bicycle wheels. Edge presents evidence it has made six sales for a total of $2,154.25 to the two Illinois distributors; none of the sales were for products with composite rims. Defendants' Motion, Ex. C: Jeremy Venz (Edge's chief financial officer) Decl. ¶ 2. MacLean Investment does not establish its claim for infringement of the '839 patent arises out of or is related to the sales of Edge products in Illinois. Accordingly, specific jurisdiction over Edge has not been shown.

MacLean Investment argues jurisdiction exists because Edge maintains an interactive website that sells the infringing bicycle wheels, a website that is now disabled. MacLean Investment provides no evidentiary support for this statement. Edge disputes that its website sells or ever sold the infringing bicycle wheels. Edge maintains two websites accessible to Illinois residents. Edge contends one of the websites does not offer products for sale. The other website sells products (carbon tubing and tubing with customized specifications), but it does not sell products with composite rims. Venz Decl. ¶ 4. Edge has never sold any products directly to an Illinois resident through its websites. *Id.* MacLean Investment does not provide contrary evidence.

Under these circumstances, Edge's websites do not provide general jurisdiction. *See Campbell Pet Co.*, 542 F.3d at 884 (general jurisdiction over a defendant was not established by its interactive website because the website was not directed to the forum state and did not generate sales there). And Edge's isolated sales of unrelated products to two Illinois distributors do not demonstrate continuous and systematic contacts with Illinois. *Accord id.* Edge is a Utah limited liability company with its principal place of business in Utah. Am. Compl. ¶ 6. Edge is not registered to do business in Illinois and does not have offices or facilities here; does not have a registered or other agent for service of process in Illinois; does not have any assets in Illinois; and does not advertise in Illinois or solicit funds or business from Illinois residents. Venz Decl. ¶¶ 3, 5. General jurisdiction over Edge has not been established.

## IV. Sufficiency of Claims

Edge and Schiers argue plaintiffs fail to state a claim for patent infringement, breach of contract, or violation of the Illinois Trade Secrets Act. MacLean-Fogg and MacLean Quality fail to allege they own the '839 patent – a required element for a patent infringement claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356-57 (Fed. Cir. 2007). MacLean-Fogg and MacLean Quality fail to state a patent infringement claim (Count I).

Plaintiffs allege, upon information and belief, that Schiers disclosed trade secrets and confidential information in violation of his confidentiality agreement. Am. Compl. ¶¶ 23, 28. Allegations based exclusively on information and belief are insufficient unless the facts are inaccessible to the pleader, and there is a reasonable basis to suspect the facts are true. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992) (applying the rule in a heightened pleading standard fraud case); *Anderson v. Cooper*, No. 92 C 5949, 1994 WL 46675,

at *1 (N.D. Ill. Feb. 14, 1994) (Holderman, J.) (collecting cases). Plaintiffs do not state any grounds for their suspicion. And they do not identify the information Schiers disclosed. Under these circumstances, plaintiffs' allegations are speculative and fail to state a claim for breach of contract (Count II) or violation of the Illinois Trade Secrets Act (Count III). Plaintiffs' alternative motion for a more definite statement need not be addressed.

## CONCLUSION

Count I for patent infringement is dismissed as to MacLean-Fogg and MacLean Quality for lack of standing because they do not own the '839 patent. Counts II (breach of contract) and III (violation of the Illinois Trade Secrets Act) are dismissed for lack of supplemental subject matter jurisdiction because plaintiffs fail to establish the patent infringement and state law claims involve overlapping operative facts. Specific personal jurisdiction over Edge does not exist because MacLean Investment has not established Edge sold any infringing products to Illinois residents. General personal jurisdiction over Edge does not exist because Edge has never sold any products to Illinois residents through its websites, and MacLean Investment does not demonstrate that Edge has continuous and systematic contacts with Illinois.

A serious issue is raised whether venue exists because defendants reside in Utah, and plaintiffs do not establish that the events giving rise to plaintiffs' claim occurred in this district, and the convenience of the parties and witnesses favor a transfer to the Utah district court. However, the court need not reach this issue. MacLean-Fogg and MacLean Quality fail to state a patent infringement claim because they fail to allege they own the '839 patent (Count I). Plaintiffs fail to state a claim for breach of contract (Count II) or violation of the Illinois Trade

11

Secrets Act (Count III) because their allegations based only on information and belief that

Schiers disclosed trade secrets and confidential information are insufficient.


ENTER:


*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

April 14, 2009